[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-11390

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARIO MARTEZ SLEDGE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00291-MHC-CMS-1

————————————————

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Mario Sledge appeals his sentence of eight months' imprisonment imposed upon revocation of his original term of supervised release. He asserts the sentencing court abused its discretion in assigning weight to the 18 U.S.C. § 3553(a) factors and failed to focus on the individualized mitigating facts of his case. After review,[1] we affirm Sledge's sentence.

Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). Those § 3553(a) factors include the need to (1) deter criminal conduct, (2) protect the public from the defendant's future criminal conduct, and (3) provide the defendant with needed training, medical care, or correctional treatment. 18 U.S.C. §§ 3553(a)(2)(B)-(D); 3583(e). Additional factors for consideration include (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the

---

[1] We "review the substantive reasonableness of a sentence, including a sentence imposed upon revocation of supervised release, under a deferential abuse of discretion standard considering the totality of the circumstances." *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). The party challenging a sentence bears the burden of establishing that it is unreasonable in light of the facts and the § 3553(a) factors. *Id.* at 1337–38.

applicable Guidelines range, (4) the pertinent policy statements of the Sentencing Commission, (5) the need to avoid unwarranted sentencing disparities, and (6) the need to provide restitution to the victims. *Id*. §§ 3553(a)(1), (4)–(7); 3583(e).

Regarding substantive reasonableness, an abuse of discretion occurs if the district court fails to afford consideration to relevant factors, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). We will reverse only if left with a firm and definite conviction the district court erred in weighing the § 3553(a) factors and imposed a sentence that lies outside the range of reasonable sentences. *Irey*, 612 F.3d at 1190.

Sledge's sentence of eight months' imprisonment is substantively reasonable. First, the district court stated the sentence was consistent with the § 3553(a) factors and discussed the factors it considered relevant to the sentence, reflecting sufficient consideration, and stated it had considered the entire record. *See United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) ("The district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence."); *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) ("An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." (quotation marks omitted)). The court went

on to discuss facts related to several of the § 3553(a) factors. It discussed Sledge's repeated failures to comply with court orders, the need for specific and general deterrence, and the need to protect the victim and the public. It also expressed intent to avoid sentencing disparities with similarly situated defendants. To the extent Sledge contends his sentence is unreasonable because the court failed to consider his time spent in state custody, the court specifically asserted it chose to impose the eight-month sentence—as opposed to a higher sentence—because of Sledge's time in state custody. To the extent Sledge argues his sentence is unreasonable because his criminal activity and history stemmed from addiction, the court noted it had previously attempted to help Sledge with substance abuse treatment—and in fact declined to revoke his supervised release after the first two petitions involving substance-related violations, instead modifying the terms to provide for required treatment in a halfway house. Although the court did not directly address that Sledge showed remorse by admitting to the violations, it expressed the sentence imposed was necessary to protect the victim and the public, and to provide general and specific deterrence. The court was permitted to attach greater weight to the nature and circumstances of the offense and Sledge's history—which involved repeated instances of domestic abuse against the same victim—and the need to protect the public and that victim, than to the mitigating arguments.

Finally, Sledge's sentence was within the Guidelines recommendation, which further suggests that it was reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (stating

although we do not automatically presume a sentence falling within the advisory guideline range is reasonable, we ordinarily expect such a sentence to be reasonable). Accordingly, the record reflects the court did not fail to consider relevant factors that were due significant weight, give significant weight to an improper factor, or clearly err in considering the proper factors. *See Irey*, 612 F.3d at 1189. The district court did not abuse its discretion, and Sledge's sentence is reasonable.

**AFFIRMED.**